### W. E. MILLER v. MELTON-RHODES COMPANY, INC.

(Filed 21 April, 1920.)

**1. Evidence—Former Trial—Parties—Substantive Evidence—Instructions Corroboration—Impeachment.**

Testimony of a party given on a former trial in contradiction of his evidence of a material fact on the second one, may be received as substantive evidence, and it is reversible error for the trial judge to charge the jury that they could only regard it in corroboration or impeachment.

**2. Negligence—Evidence—Trials—Nonsuit—Questions for Jury.**

In this case it is *Held* that there was sufficient evidence for the determination of the jury upon the issue of defendant's actionable negligence in causing a personal injury to the plaintiff, an employee, for failure of its duty to instruct him in the use of a power driven machine and to furnish him a machine that was known, approved, and in general use for like purposes, etc.

APPEAL by defendant from *Bryson, J.,* at the November Term, 1919, of GUILFORD.

This is an action to recover damages for personal injury, the plaintiff alleging that he was injured by the negligence of the defendant in the following particulars:

"(a) In that the defendant negligently and carelessly failed to properly instruct the plaintiff as to the safe and proper manner of operating said machine.

"(b) In that it carelessly and negligently failed to provide said machine with a lever so that the plaintiff, while operating said machine, could cut off the motive power if necessary.

"(c) In that the said defendant negligently and carelessly failed to equip the said machine with a guard over the saw upon said machine, such as is approved and in general use upon machines of like character.

MILLER *v.* MELTON.

"(d) In that the said defendant carelessly and negligently permitted a certain slot in said machine to remain open while the plaintiff was operating the said machine, such slot having caught the material hereinbefore referred to, which acts of negligence on the part of the said defendant were the proximate cause of plaintiff's injury."

At the time of the injury the plaintiff was operating a rip saw for the defendant. He had not worked at that machine before that time. He was ordered by the foreman of the defendant to cut some materials, and under his instructions went to the basement of the building to throw the belt on the shafting. When he returned the foreman was gone and the machine was running.

He offered evidence tending to prove that no instructions were given to him as to the operation of the machine, and that when he undertook to put a piece of material through the machine it was caught therein, and that the plaintiff started in another piece to force the first piece through; that this piece also lodged, and he then tried to force it through by using a small stick; that there was a slot open in the machine, but that the plaintiff did not know this; that he did not know that there was a lever which controlled the machine, and by which it could be stopped, and that while attempting to force the timber through his hand was thrown on the unguarded saw and he was severely injured.

The plaintiff was examined as a witness in his own behalf, and, among other things, he testified: "I did not discover where the lever was until after I was injured."

The defendant offered evidence tending to show that there was no negligence, and. among other things, introduced the examination of the plaintiff on a former trial in which appears, among other things, the following question and answer:

"Q. So you say you know where the power lever was, but it would have been too much bother to go around there, and you thought you would get the piece out with your stick, with another stick? A. Yes, sir; I thought it could be gotten out quickly."

There were other facts stated in this examination tending to prove the contention of the defendant.

When this examination was introduced by the defendant his Honor instructed the jury that "this testimony is introduced and allowed to be introduced, and is to be considered by you as either tending to corroborate or impeach the testimony of the witness Miller given in this action on a former trial. It shall not be construed by you as substantive testimony, but only as corroborating or impeaching the witness Miller," and the defendant excepted.

There was motion for judgment of nonsuit, which was overruled, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed.

*Wilson & Frazier for plaintiff.*
*Shuping, Hobbs & Davis and Charles A. Hines for defendant.*

ALLEN, J.  His Honor was in error in restricting the examination of the plaintiff Miller upon the former trial to the purpose of corroboration and impeachment, and he was doubtless misled by not taking into consideration that it was the examination of a party and not of an involuntary witness.

"Statements contained in the evidence given by a party as a witness or adopted by him are primary in their nature and constitute informal judicial admissions which affect the party not only in the trial where given, but in any other hearing of the suit even upon appeal."  Chamberlain on Evidence, vol. 2, sec. 1268.

The principle applicable to the evidence of a witness, and of a party is tersely stated in *Medlin v. Board of Education,* 167 N. C., 241, where the Court says:  "Evidence of contradictory statements are not substantive evidence, but merely impeaching testimony, unless it is an admission by a party in interest."

One of the important facts upon this trial was whether the plaintiff knew of the existence of the lever and of its use, and whether it was placed so that it could be reached by him, and the defendant was entitled to have the jury consider his statement as to this and other relevant facts made during his examination on the former trial as substantive evidence.

There is therefore error which entitles the defendant to a new trial.

We have carefully considered the record, and are of opinion that there is evidence of negligence which the jury ought to be permitted to consider, and that the motion for judgment of nonsuit was properly overruled.

New trial.